# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| **Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W3 under the Pooling and Servicing Agreement Dated as of October 1, 2005** | Case No. 1:06-cv-00900 <br><br> District Judge Patricia A. Gaughan |
| **Plaintiff** | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| vs. | |
| **Pamela Smith, et al.** | |
| **Defendants.** | |

UNITED STATES DISTRICT JUDGE PATRICIA A. GAUGHAN

This matter is before the Court on the motion of Plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W3 under the Pooling and Servicing Agreement Dated as of October 1, 2005's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Pamela Smith as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1.  The following defendant is in default of Motion or Answer:

    a.  Pamela Smith

2.  The Clerk's Entry of Default was filed herein on June 29, 2006.

G:\Cases - TM\06-04812\mdj-060719-JJD.WPD

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendant, Pamela Smith, upon the subject Note, the principal balance of $146,959.35, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 8.15 percent per annum from November 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland Heights, County of Cuyahoga, and State of Ohio:  and known as being Sublot No. 134 in Quilliams Parkway Subdivision Company's Quilliams Highland Subdivision No. 2 of part of Original Euclid Township, Lots Nos. 52 and 53, Tract No. 8, and shown by the recorded plat in Volume 158 of Maps, page 39 of Cuyahoga County Records, and being 137.88 feet front on the Easterly side of the curved turnout between the Northeasterly side of Atherstone Road and the Southwesterly side of Langton Road and extending back 113.17 feet deep on the Northeasterly line and 120.63 feet deep on the broken Southeasterly line to a point in the rear as appears by said plat, be the same more or less, but subject to all legal highways.

Parcel Number:  682-07-017

Commonly known as:  3561 Atherstone Road, Cleveland Heights, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on June 14, 2005, and recorded as Instrument Number 200506140783 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on April 20, 2006 as Instrument Number 200604200029 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

**IT IS THEREFORE**

**ORDERED,** that unless the sums hereinabove found to be due to Plaintiff Deutsche

Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W3 under the Pooling and Servicing Agreement Dated as of October 1, 2005, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002.  The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W3 under the Pooling and Servicing Agreement Dated as of October 1, 2005, the sum of $146,959.35, with interest at the rate of 8.15 percent per annum

from November 1, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale.  Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**
**DATE:** 9/29/06

/s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

G:\Cases - TM\06-04812\mdj-060719-JJD.WPD